The plaintiff was entitled at the death of his mother, by will made in 1765, to the negro in question, with others, which on her death, the defendants removed from Virginia to this State. The plaintiff sued the defendant at law for these negroes, and during the pendency of the suit, they caused the negro to be sold to satisfy a debt recovered against the plaintiff whereupon the plaintiff sued by this bill. One question remaining yet unsettled by the Court is, whether the value of the negro sold shall be estimated asit was at the time of the sale, when she was worth $275, or at this time when she is worth $375. This is exceedingly dissimilar to the case of a specific article, due by contract on a certain day, when, if not delivered, the value will be as it stood on the day of failure. The thing itself can not be given to the plaintiff by a decree of the Court. The plaintiff can only have the value of it which ceases to be demandable by him in specie, on the day when the failure occurs. Rut these are cases where the thing itself continues to be demandable to the time *Page 93 
of making the decree; and there, it is demandable by the plaintiff till it is perceived it can not be specifically had. He must therefore take the value in lieu of the thing itself, and that value must be, as in the other case, as it stood when he became entitled to the equivalent. And when was that? When it is discovered that the identical article can not be had. This may be after the decree, but as the power of the Court stops at the decree, it can not, of course, embrace a future rise in value. It must take that which exists at the time of the formation of the decree. The Court will decree specifically in case of a trust, where the trustee sells the property without permission of the owner, 2 Equity Cases abridged, 740, or where the defendant by imposition on the plaintiff gets from him property at a great undervalue, 1 Wash. 164, or where property is lost, and gets into the hands of the defendant; 1 Call. 502, 509, 570, Vide 1 Wash. 1; 1 Powell, 408; so, also, where a legatee is entitled in remainder to a personal chattel, after the death of the first legatee who had possession during her life, and the chattel is taken into the possession of the defendant and sold. The principle applies too, in this case, that where a loss happens, and must fall either on plaintiff or defendant it shall fall upon him who is by his default or wrong done the cause of it, rather than on the innocent person who in no wise contributed towards it. Then the increased value between the sale and the decree is a loss which must fall on one, and it is just that the defendant should sustain it. But this is meant only of an increase of value in the very article itself that has been disposed of, not extending the idea further.